IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELIZABETH S., et al.,                                  :
    Plaintiffs,                                        :
                                                       :
    v.                                                 :   CIVIL ACTION NO.  11-1570
                                                       :
SCHOOL DISTRICT OF PHILADELPHIA,                       :
    Defendant.                                         :
                                                       :

Tucker, J.                                                        June ___ , 2012

## MEMORANDUM OPINION

Presently before the Court is Plaintiff's Motion for Judgment on the Administrative

Record on Count I of Plaintiffs' Complaint for Claims Arising Under the Americans with

Disabilities Act (Doc. 5); Defendant's Response in Opposition thereto (Doc. 6); Plaintiffs'

Motion for an Award of Counsel Fees and Costs (Doc. 7); and Defendant's Response in

Opposition thereto (Doc. 9). For the reasons set forth herein, the Court will deny Plaintiffs'

Motion for Judgment on the Administrative Record as moot and grant in part Plaintiffs' Motion

for Attorneys Fees.

## I.       FACTUAL BACKGROUND

Plaintiffs are Shawn J., a student in an elementary school in the School District of

Philadelphia ("School District") and his mother, Elizabeth S. Shawn J. experienced behavioral

and academic problems in school. On August 25, 2010, Elizabeth S. filed an administrative due

process complaint under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §

1400 et seq., and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794

et seq., based upon (1) the School District's physical exclusion of Shawn J. from school due to his disability, and 2) the School District's failure to provide Shawn J. with a free and appropriate public education ("FAPE"). Plaintiffs' counsel during the hearing were Attorneys David J. Berney ("Attorney Berney") and Lee Wentz ("Attorney Wentz"). The administrative hearing officer found in favor of Plaintiffs on December 21, 2010. Plaintiffs then filed a Complaint before this Court, asserting claims pursuant to the IDEA, Section 504, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, et seq. Plaintiffs also filed the Motions for an Award of Counsel Fees and Costs and Judgment on the Administrative Record now at issue. The Court's analysis of Plaintiffs' Motion for Counsel Fees and Costs below also disposes of the Motion for Judgment on the Administrative Record.

## II.     LEGAL STANDARD

The IDEA provides the Court with discretion to "award reasonable attorneys' fees . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B). "'[P]laintiffs may be considered 'prevailing parties' for attorney[s'] fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.'" Neena S. v. Sch. Dist. of Phila., No. 05-5404, 2009 WL 2245066, at *3 (E.D. Pa. July 27, 2009) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

"The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The fee petitioner must provide evidence "supporting the hours worked and rates claimed." Id. The calculation of the appropriate amount of attorney's fees begins with the lodestar, which is the product of "the appropriate billing rate for the parties attorneys"  multiplied by "the number of hours those

attorneys reasonably expended on the action." <u>Interfaith Comty. Org. v. Honeywell Intern., Inc.</u>,

426 F.3d 694, 703 (3d Cir. 2005). The reasonable hourly rate is calculated according to "the rates

prevailing in the community for similar services by lawyers of reasonably comparable skill,

experience, and reputation." <u>Rode</u>, 892 F.2d at 1183 (citing <u>Student Pub. Interest Research

Group v. AT & T Bell Labs.</u>, 842 F.2d 1436, 1442 n.3 (3d Cir. 1988)).

After the Court determines the reasonable hourly rate, it must examine the hours

requested and exclude those which were not reasonably expended. <u>Id.</u> "Hours are not reasonably

expended if they are excessive, redundant, or otherwise unnecessary." <u>Rodes</u>, 892 F.2d at 1183.

The Court may also reduce the hours requested by "the number of hours 'spent litigating claims

on which the party did not succeed and that were 'distinct in all respects from' claims on which

the party did succeed." <u>Id.</u> (quoting <u>Instituitionalized Juveniles v. Sec'y of Pub. Welfare</u>, 758

F.2d 897, 909 n.21 (3d Cir. 1985)). The Court may also deduct hours when they are inadequately

documented. <u>Id.</u> (citing <u>Hensley</u>, 461 U.S. 424 at 433). Finally, once the lodestar has been

calculated, the court may adjust it downward in light of the results obtained. <u>Id.</u> (citing <u>Hensley</u>,

461 U.S. at 434-37).

**III.     DISCUSSION**

Neither Plaintiff Elizabeth S.'s status as a prevailing party nor the reasonable hourly rates

of Attorneys Berney and Wentz are in dispute. As such, the Court will proceed to calculate the

lodestar using a $350 and $270 hourly rate for Attorneys Berney and Wentz respectively.

**A.     Plaintiffs' counsel were sufficiently specific in recording their time entries.**

Defendant first argues that Plaintiffs should not receive attorney fees for time entries in

the fee petition which are not sufficiently specific. "[S]pecificity [in the fee petition] should only

be required to the extent necessary for the district court 'to determine if the hours claimed are unreasonable for the work performed.'" Washington v. Phila. Cnty. Court of Common Pleas, 89 F.3d 1031, 1037 (3d Cir. 1996) (quoting Rode, 892 F.2d at 1190). A petition should include "some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e.g., senior partners, junior partners, associates." Id. (quoting Rodes, 892 F.2d at 1190). The petition, however, need not contain "the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." Id. at 1038 (quoting Rodes, 892 F.2d at 1190). The petition need only "provide[] enough information as to what hours were devoted to various activities and by whom." Id.

Defendant argues that time entries such as "t/c with client," "letter to client," or "email to expert," do not contain sufficient detail. However, the Court considers these entries sufficient to indicate the hours devoted to various activities and by whom. While some of Plaintiffs' entries may be more specific than others, the Court finds that Plaintiffs' petition is sufficiently specific to permit a determination of whether the hours spent were reasonable, and will not deduct any hours from the petition for being insufficiently specific.

**B.      Plaintiffs' counsel spent an excessive amount of time preparing for the due process hearing, but not writing the closing argument.**

Defendant also argues that the time Plaintiffs' counsel spent preparing for the due process hearing and closing argument was excessive. Courts have generally recognized that the preparation time for a hearing should be considered relative to the length of the hearing itself.

-4-

See, e.g., Apple Corps. Ltd. v. Int'l Collectors Soc., 25 F. Supp. 2d 480, 491 (D.N.J. 1998)

(excessive to award fees for preparation time that amounted to three times the length of the

hearing). In this case, the first day of the due process hearing on October 21, 2010 lasted less than

nine (9) hours, however Attorney Berney spent 33.7 hours between October 18, 2010 and

October 20, 2010 preparing for that hearing. Attorney Berney then spent an additional 15.8 hours

preparing for the second day of the due process hearing on November 3, 2010 which lasted less

than 13.5 hours.[1] Finally, Attorney Berney spent twenty-six hours between November 29, 2010

and December 6, 2010 preparing and writing the forty-page closing argument.

Attorney Berney alleges in his affidavit that his practice concentrates in civil rights

litigation, more specifically special education and employment discrimination. (Affidavit ¶ 5).

Attorney Berney also cites to twenty-five special education cases in which he obtained favorable

outcomes for his clients. (Affidavit  ¶ 12). In light of this experience, Attorney Berney spent an

excessive amount of time preparing for the due process hearing. The Court approximates that the

total time spent at the actual due process hearing was about twenty hours,[2] therefore, the Court

believes that a reasonable preparation time would have been up to forty hours. Yet even for a

practitioner as experienced as Attorney Berney, it appears reasonable to have spent twenty-six

hours writing a forty-page closing statement. And the length of the closing statement is also

reasonable in light of the length of the Hearing Officer's Decision, which was twenty-one single-

spaced pages. Thus, although the Court will not deduct any time from Attorney Berney's closing

---

[1]In both of the entries in which he records the time spent at the due process hearing, Attorney Berney also incorporates into that amount time spent "meeting with client afterwards to discuss the case."

[2]See supra note 1.

argument preparation, the Court will deduct Attorney Berney's expenditure of time preparing for the due process hearing by 9.5 hours, and permit him to be reimbursed for forty hours of hearing preparation time.[3]

### C.      Plaintiffs' counsel recorded some duplicative hours.

Defendant objects to being charged for both Attorneys Berney and Wentz performing similar tasks. "A reduction for duplication 'is warranted only if the attorneys are unreasonably doing the same work." Rodes, 892 F.2d at 1187; see also Herkalo v. Nat'l Liberty Corp., No. 94-7660, 1997 WL 539754, at *5 (E.D. Pa. Aug. 7, 1997) (finding that it was unreasonable to award attorneys fees for the duplicative services of two attorneys working on the same case "where one attorney's time and efforts would have sufficed").

Although it is acceptable that attorneys work together to complete various tasks in a case, the Court finds that the following entries by Attorney Wentz are duplicative because Attorney Berney also charges for them:

- 7/6/10 - email to David Berney on file status re missing documents (approximately .30 of .70 hours)
- 8/16/2010 - email to David Berney on communications w/ client (.10 hours)
- 9/6/2010 - reading emails from David Berney re 5-day notice and further document requests to the School district (.40 hours)
- 9/13/2010 - reading and sending emails w/ David Berney re need for motion to compel records (1.8 hours)
- 9/15/2010 - telephone call with David Berney in preparation for argument/telephonic hearing on motion to compel (.40 hours)
- 1/31/2011 - meeting with David Berney to discuss filing fee petition (.30 hours)
- 2/10/2011 - T/c with David Berney to discuss attorney billable rate (.10 hours)

---

[3]The Court also finds it excessive for Attorney Berney to have spent eight hours on August 26, 2011 doing legal research on his Motion to Award Counsel Fees and Costs. The Court will deduct these hours by half.

Thus, the Court will reduce the number of hours reasonably expended by Attorney Wentz by 3.4 hours.

> **D.     Plaintiffs' counsel are not entitled to full reimbursement for unsuccessful motions**.

Defendant also disputes the hours Attorney Berney dedicated to a motion to have Plaintiffs' expert perform classroom observation of Shawn J. on the grounds that the motion was ultimately denied. As the Court set forth earlier, it may reduce the hours claimed by those hours spent on unsuccessful claims that are distinct from all other claims on which the party was successful. The Court approximates that Attorney Berney recorded 3.5 hours relating to this motion between October 22 and 25, 2010. Because the Motion was unsuccessful, the Court will deduct these hours by seventy percent and reimburse Plaintiff for only 1.05 hours with regard to this motion.

In a similar vein, Defendant also objects to the hours Attorney Berney requests for the time he spent preparing a Motion for Judgment on the Administrative Record before this Court. Attorney Berney devoted 5.8 hours to this Motion. Attorney Berney makes clear that he filed this motion only to ensure that he was entitled to expert fees under the Americans with Disabilities Act.[4] The Court, however, will award Plaintiffs expert fees pursuant to Section 504.[5] Thus, because the Court finds that the Motion for Judgment on the Administrative Record was

---

[4]See infra note 7.

[5]See infra Section E.

unnecessary, and will not even consider it,[6] the Court will deduct these 5.8 hours in their entirety

from Plaintiffs' fee award. See also Laura P. v. Haverford Sch. Dist., No. 07-5395, 2009 WL

1651286, at *6 (E.D. Pa. June 12, 2009) (deducting the entirety of hours expended on an

unsuccessful motion for preliminary injunction).

### E. Plaintiffs are entitled to expert fees but at a reduced rate.

Plaintiffs' fee petition includes a request for expert fees in the amount of $3,106.

Defendant contends that Plaintiffs are not entitled to the award of expert fees under the IDEA.

Plaintiffs do not dispute this contention, but argue that they are entitled to expert fees pursuant to

Section 504 and the ADA. Defendant in turn argues that Plaintiffs are not entitled to expert fees

under Section 504 or the ADA because "the Hearing Officer did not make any findings of fact or

conclusions of law that relief was granted under Section 504. Likewise, there is no mention of a

claim under the ADA in the due process complaint or the Decision of the Hearing Officer."

(Def.'s Br. 10).

Both parties are correct that the IDEA does not provide for the award of expert fees to the

prevailing party. See Arlington Cent. Sch. Dist. Bd. of Educ. v Murphy, 548 U.S. 291, 297

(2006) (holding that the IDEA provision at issue "does not even hint that acceptance of IDEA

funds makes a State responsible for reimbursing prevailing parents for services rendered by

experts"). Section 504, on the other hand, incorporates the remedies available under the Civil

Rights Act of 1964, which specifically provides for the recovery of expert fees. See A.W. v.

Jersey Pub. Schs., 486 F.3d 791, 803-04 (3d Cir. 2007); 42 U.S.C. § 2000e-5(k) ("In any action

---

[6]See infra note 7.

or proceeding under this subchapter the court, in its discretion, may allow the prevailing party,

other than the Commission or the United States, a reasonable attorney's fee (including expert

fees) as part of the costs . . . .").

Defendant is incorrect that the Hearing Officer did not make any findings of fact or

conclusions of law that Plaintiffs were entitled to relief under Section 504. In the introduction of

the Due Process Hearing Decision, the Hearing Officer notes that Plaintiffs' Complaint "raises

claims under the Individuals with Disabilities Education Act . . . and Section 504 of the

Rehabilitation Act of 1973." (Hearing Decision 1). Moreover, the Hearing Officer refers to

Section 504 throughout the opinion. See, e.g., (Hearing Decision 16) ("Section 504 established a

similar duty."); (Hearing Decision 20) ("Similar requirements are found in Section 504."). Thus,

the Court concludes that the Hearing Officer granted Plaintiffs relief based upon Section 504 as

well as the IDEA. As such, Plaintiffs may recover their expert fees under Section 504.

Defendant also notes, however, that the Hearing Officer credited the expert reports with

"no weight whatsoever." (Hearing Decision 15). In fact, the Hearing Officer described one of the

expert reports as "little more than an effort at 'Monday morning quarterbacking.'" (Id.) In light of

this fact, the Court finds it unreasonable to award Plaintiffs the full amount of their requested

expert fees. Thus, the Court will reduce the expert fees by seventy-five percent, and award

Plaintiffs with $776.50 in expert costs.[7]

_____

[7]Because the Court has awarded Plaintiffs expert fees pursuant to Section 504, the Court will
not address Plaintiffs' Motion for Judgment on the Administrative Record. The exhibits attached to the
Motion make very clear that Plaintiffs only filed this Motion in order to collect expert fees under the
ADA. See (Doc. 5, Ex. B) ("As you know, I included an ADA claim in my complaint because a party
is entitled to recover expert costs under the ADA. But if we can stipulate that my client is entitled to
recover her expert costs under plaintiffs' Section 504 claim, then it will be unnecessar[y] for me to file
a separate Motion for Summary Judgment regarding the ADA claim. As I stated in my previous email,

F.      **Plaintiffs recorded some non-reimbursable paralegal, clerical, and overhead costs.**

Defendant objects to the incorporation of clerical and paralegal work into Attorney

Berney's fees. "[T]he costs of clerical work, such as filing and copying, are ordinarily considered

to be part of an attorney's rate as office overhead, they will not be compensated." Sheffer v.

Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003); see also T.B. v. Mount

Laurel Bd. of Ed., No. 09-4780, 2012 WL 1079088, at *4-5 (D.N.J. Mar. 30, 2012). On the other

hand, paralegal work, if performed by an attorney, may be billed at a paralegal rate. See T.B., WL

10798088, at *4. However, the Supreme Court has also held that much of the work of paralegals

"lies in a gray area of tasks that might appropriately be performed either by an attorney or a

paralegal." Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 (1989). And the Third Circuit has

also recognized that "[a]t times temporal constraints may foreclose the delegation option. At

other times a paralegal – or, for that matter, an attorney – can more productively complete a

clerical task, such as photocopying documents, than can a legal secretary." In re Busy Beaver

Bldg. Cntrs., Inc., 19 F.3d 833 (3d Cir. 1994).

The Court acknowledges that Attorney Berney's fee petition includes a number of tasks

that could arguably have been completed by a legal secretary or paralegal. However, the Court

also accepts, as the Third Circuit has, that it may have been more productive in some instances

for Attorney Berney to complete these tasks on his own. Thus, rather than analyze each

---

I would prefer not to needlessly go through the effort of drafting and filing a Motion for Summary
Judgment so as to avoid unnecessarily accumulating and otherwise increasing my attorney's fees.").

questionable entry in this regard – the Court has identified approximately 30.5 hours'[8] worth of

such entries[9] – the Court will merely deduct 7.625 hours, or twenty-five percent of the

_____

[8]Because Plaintiffs' counsel grouped tasks into blocks of hours rather than indicating the specific time spent on each task (an accepted practice in fee petitions), for the purposes of this section only,  the Court has made an approximation of the actual time Plaintiffs' counsel spent on each individual task.

[9]These questionable tasks include:
- 7/2/09 - t/c to client to schedule appointment (.10 hours)
- 7/21/09 - drafting and sending out initial record requests (approximately .50 of 2.1 hours)
- 9/14/09 - ltr to School District requesting records (.20 hours)
- 4/17/10 - ltr to Mimi Rose, Esquire (.20 hours)
- 7/12/10 - Letter to Mimi Rose, Esquire re School District's failure to produce all records in response to Parent's record request (.20 hours)
- 8/18/10 - letter to client (.30 hours)
- 9/6/10 - ltr to client re hearing date (approximately .10 of .40 hours)
- 9/13/10 - scheduling conference call (approximately .10 of .20 hours)
- 9/15/10 - emailing certain documents to expert for her review (approximately .20 of .50 hours)
- 9/15/10 - ltr to CCTC (Student's service provide for behavior) and requesting records (.20 hours)
- 9/15/10 - email to Judy Baskin, Esquire confirming resolution session (.10 hours)
- 9/15/10 - email to expert regarding her schedule for testifying and to advise her of continuance of due process hearing (.10 hours)
- 9/23/10 - ltr to client, confirming resolution session and hearing dates (.20 hours)
- 9/25/10 - forwarding documents to expert Nancy Bloomfield, Ph. D. for her review (.20 hours)
- 9/25/10 - email to School District Counsel, Judy Baskin, Esquire, advising that we are missing certain pages to documents she produced and requesting complete copies of same (.10 hours)
- 9/29/10 - t/c with expert to discuss arranging conference call to discuss case (.20 hours)
- 10/4/10 - reviewing and organizing CCTC records and emailing same to expert (.10 hours)
- 10/5/10 - drafting, revising and proof reading email to School District's attorney Kim Caputo, Esquire re settlement, t/c to School District Counsel, Judy Baskin, Esquire, re documents School District failed to produce, and email to School District Counsel, Judy Baskin, Esquire, re same (.60 hours)
- 10/12/10 - emailing HIPAA release to School District Counsel, Judy Baskin, Esquire to obtain CCTC behavior plan that is in School District's possession in preparation for upcoming hearing (.20 hours)
- 10/13/10 - emailing Bloomfield expert report to School District Counsel, Judy Baskin, Esquire (approximately .10 of .70 hours)
- 10/13/10 - email to School District Counsel, Judy Baskin, Esquire and Tracey Terrell requesting another copy of the School Based Behavior Plan because the one School District produced is illegible (.10 hours)
- 10/14/10 - email to Judy Baskin, Esq. to confirm that certain school district witnesses will be present to testify at hearing and t/c to expert to schedule her testimony (approximately .20 of 1.2 hours)
- 10/16/10 - updating legal research on School District's obligations to produce test protocols (.50 hours)

- 10/17/10 - reviewing recent case law developments from the Third Circuit on (a) duty to provide behavioral services to student, (b) duty to provide ESY services . . . email to School District Counsel, Judy Baskin, Esquire to confirm attendance of certain School District witnesses (approximately .60 of 4.0 hours)
- 10/19/10 - updating legal research and reviewing recent case law developments on "IEP four corners rule" (approximately .50 of 2.0 hours)
- 10/20/10 - "printing out 5-day notices, printing out caselaw re admissability of hearsay at administrative hearings, . . . creating binder labels, and creating table of contents for exhibit binder (approximately 1.0 of 8.0 hours)
- 10/20/10 - updating legal research and reviewing any recent developments in case law on District's duty to produce emails as education records (approximately .40 of 8.0 hours)
- 10/22/10 - t/c to witness, Gail Inderweiss to discuss schedule for her testimony (.10 hours)
- 10/29/10 - fax to CCTC Dr. Ettingoff (.20 hours)
- 10/31/10 - email to School District Counsel, Judy Baskin, Esq. re making Vice Principal Carol Williams available for testimony (approximately .20 of 3.5 hours)
- 11/1/10 - t/c to records custodian of CCTC to review additional records pertaining to student (.10 hours)
- 11/1/10 - compiling additional exhibits to incorporate into exhibit binder, updating legal research re requirement to have IEP goals aligned with Pa Department of Education educational state standards, email to School District Counsel, Judy Baskin, Esquire and HO regarding witness scheduled (approximately 1.5 of 4.0 hours)
- 11/1/10 - email to Nancy Bloomfield, Ph.D., to schedule a time to discuss her testimony (.10 hours)
- 11/2/10 - printing out all of the direct examinations, compiling telephone number list for witnesses, adding supplemental exhibits to exhibit binder (approximately 1.5 of 8.3 hours)
- 11/2/10 - emailing exhibits to Nancy Bloomfield, Ph.D., . . . updating legal research on FERPA confidentiality provisions, updating legal research on confidentiality provisions under Chapter 15 Section 504 regulations (approximately 2.0 of 8.3 hours)
- 12/2/10 - updating legal research on the IDEA's requirement to have the regular education teacher and the school psychologist present at the initial IEP meeting given their failure to attend Student's initial IEP meeting given their failure to attend Student's initial IEP meeting (2.0 of 4.10 hours)
- 12/3/10 - updating legal research in Third Circuit on child find obligations (1.0 of 9.10 hours)
- 12/6/10 - supplemental legal research on necessity of behavior plans (.50 of 6 hours)
- 1/3/11 - reviewing and editing time sheets from Lee Wentz to exclude approximately 15 hours of work to avoid unnecessary billing and email and t/c to Lee Wentz re his time entries (.70 hours)
- 1/27/11 - reviewing and revising my time sheets and editing time sheets and deleting unnecessary billing (2.00 hours)
- 2/1/11 - completing revision of time sheets and proofreading time sheets (.80 hours)
- 2/1/11 - legal research to support Lee Wentz, Esquire's billing rate (.30 hours)
- 2/1/11 - proofreading time sheets (approximately .40 of .80 hours)
- 2/2/11 - additional legal research to support Lee Wentz, Esquire's billing rate (.50 hours)
- 3/4/11 - (1) editing, proofreading and finalizing federal complaint for filing, (2) completing civil case management form, (3) completing designation form, (4) completing civil cover sheet, (5) redacting information from exhibit to complete, (6) t/c with E.D. Pa. clerk's office, (7) t/c to courier service to arrange for filing, (8) email to counsel for School District (2.1 hours)
- 3/10/11- preparing (1) Notice of Lawsuit and Request for Waiver of Service of Summons; (2) Waivers of Service of Summons, and (3) ltr to General Counsel's office serving same (.50 hours)

questionable hours, from Attorney Berney's fee petition.

Defendant also objects to compensating Plaintiffs for courier, copying, and other binder

costs. "The Third Circuit 'disallows costs for the following non-inclusive list of items: postage

and courier fees, overtime, unreasonable author's alterations, motions, and 'non-filed'

documents.'" Laura P, 2009 WL 1651286, at *9 (quoting Matter of Penn Central Transp. Co.,

630 F.2d 183, 191 (3d Cir. 1980)). Moreover, costs associated with making binders qualify as

attorney overhead, which should not be included in attorney fees.  See, e.g., Laura P., 2009 WL

1651286, at *9; Yong Fang Lin v. Tsuru of Bernards, LLC, No. 10-2400, 2011 WL 2680577, at

*4 (D.N.J. July 8, 2011).

Plaintiffs' fee petition includes a $60.11 charge for the production of exhibit binders, and

$9 for a courier service to file the federal complaint. Because these costs are not recognized by

the Third Circuit, they will be excluded from Plaintiffs' award for fees and costs.

---

- 4/14/11-emailing IEP pages for revised IEP as ordered by Hearing Officer to Judy Baskin, Esquire (.10 hours)
- 4/15/11 - updating legal research on any new developments in the law re fee petitions, legal research on hourly rates utilized by courts for attorneys with comparable experience to that of David J. Berney, Esquire and Lee Wentz, Esquire in other fee disputes (2.8 hours)
- 5/8/11 - ltr to client to have her sign the Notice of Recommended Educational Placement (NOREP)(.10 of .30 hours)
- 5/12/11 - organizing file and reviewing file for costs (.10 hours)
- 5/12/11 - organizing file and reviewing file for costs (.10 hours)
- 7/20/11 - updating legal research on the ADA's requirement that School District provide students a free and appropriate public education,(approximately 1.0 of 2.8 hours)
- 8/4/11 - updating legal research on surveys re legal fees(approximately .50 of 1.00 hours)
- 9/19/11 - gathering exhibits, drafting certificate of service, and filing Motion to Award Counsel Fees and Costs (2.0 hours)

**G.**     **The Court will reduce the lodestar based upon the degree of success obtained by Plaintiffs.**

Finally, Defendant contends that Plaintiffs' fee award should be reduced based upon Plaintiffs' degree of success. Defendant argues that at the administrative hearing, Plaintiffs sought compensatory education for school years 2008-2009 and 2009-2010, and extended year services for the summers of 2009 and 2010. However, Plaintiffs were not awarded extended year services for Summer 2010. See (Hearing Decision 20).  As such, Defendant advocates for a ten percent reduction in Plaintiffs' lodestar. The Court finds that such an adjustment is appropriate.

**V.     CONCLUSION**

The Court denies Plaintiffs' Motion for Judgment on the Administrative Record as to Count I of Plaintiffs' Complaint, and  grants Plaintiffs' Motion for Counsel Fees and Costs in part. Attorney Berney will be awarded for 177.225 hours of work, at a rate of $350 per hour, totaling to $62,028.75. Attorney Wentz will be awarded for 28.7 hours of work, at a rate of $270 per hour, totaling $7,749. Thus, Plaintiffs' lodestar amounts to $69,777.75 in counsel fees. The Court will, however, adjust this lodestar downward by 10% in light of Plaintiffs' success, for a final counsel fee award of $ 62,799.98. In addition, Plaintiffs will be awarded a total of $1,126.50 in costs.[10]

---

[10]In addition to the $776.50 expert fee award, the Court also awards Plaintiffs a $350.00 federal court filing fee, which Defendant does not dispute.